[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 22, 2009
THOMAS K. KAHN
CLERK

No. 08-15367
Non-Argument Calendar

_____

D. C. Docket No. 98-00171-CR-T-26MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WALTER JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 22, 2009)

Before BLACK, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Walter Johnson, through counsel, appeals from the district court's denial of his motion for a sentencing reduction, pursuant to 18 U.S.C. § 3582(c)(2). For the reasons set forth below, we affirm.

## I.

In 2000, a jury found Johnson guilty of conspiracy to possess with intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and possession with intent to distribute more than 50 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

The probation officer prepared a presentence investigation report ("PSI") and determined that Johnson was accountable for at least 2.5 kilograms of crack cocaine, giving him a base offense level of 38, pursuant to U.S.S.G. § 2D1.1(c)(1). Johnson also received a 2-level aggravating-role enhancement, giving him a total offense level of 40. The probation officer then found that Johnson was a career offender under U.S.S.G. § 4B1.1 because, inter alia, he had prior felony conviction for carrying a concealed firearm, which was a "crime of violence." Significantly, the probation officer noted that, although Johnson's status as a career offender gave him a total offense level of 37, his otherwise applicable offense level of 40 was to be used because it was greater. The probation officer then found that Johnson had a criminal history category of V based on his prior convictions, but,

because Johnson was a career offender, he automatically received a criminal history category of VI. An offense level of 40 and a criminal history category of VI gave Johnson an applicable guideline range of 360 months to life imprisonment. After adopting the factual findings and guideline calculations in the PSI, the district court sentenced Johnson to 360 months' imprisonment on each count, to run concurrently.

On April 4, 2008, Johnson filed a motion for a sentencing reduction, pursuant to § 3582(c)(2). The court appointed counsel for Johnson, and counsel argued that Johnson was not a career offender because, under this Court's recent decision in United States v. Archer, 531 F.3d 1347 (11th Cir. 2008), carrying a concealed firearm was no longer a crime of violence. Assuming that he would no longer automatically be subject to a criminal history category of VI, Johnson also challenged the calculation of his criminal history score and argued that he should have received a criminal history category of IV. He contended that this new criminal history category of IV, coupled with a reduced offense level of 38 as result of Amendment 706, gave him an amended guideline of 324 to 405 months' imprisonment.

The district court concluded that Johnson was ineligible for a sentencing reduction. Relying on, inter alia, this Court's decision in United States v. Moore,

541 F.3d 1323 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, (U.S. Mar. 9, 2009) (No. 08-8554), the court explained that Johnson was ineligible for a reduction because he was a career offender. The court also found Johnson's contention that he was no longer a career offender to be without merit because Archer was not made retroactive, and, in the § 3582(c)(2) context, all original sentencing determinations remained unchanged except for the guideline that is amended.

## II.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). Under § 3582(c)(2), a district court may modify a defendant's term of imprisonment where he "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). Any such reduction must also be consistent with the Commission's applicable policy statements, which similarly provide, inter alia, that a sentencing reduction is not permitted where the retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

## III.

4

The district court in this case erroneously concluded that, under Moore, Johnson was not eligible for a sentencing reduction because he was a career offender. In Moore, we addressed whether certain defendants who were convicted of crack-cocaine offenses and who were sentenced as career offenders under § 4B1.1 were eligible for a sentencing reduction based on Amendment 706. We determined that, "although Amendment 706 would reduce the base offense levels applicable to the defendants, it would not affect their guideline ranges because they were sentenced as career offenders under § 4B1.1." Moore, 541 F.3d at 1330. This was so because, under § 4B1.1, the defendants' guideline ranges were ultimately determined by the statutory maximum penalty for the offense, not the base offense levels reduced by Amendment 706. See U.S.S.G. § 4B1.1(b) (providing for superseding offense levels based on the statutory maximum penalty where those levels are "greater than the offense level otherwise applicable"). This case is not controlled by Moore because, although Johnson was sentenced as a career offender, his applicable guideline range was determined by his base offense level in § 2D1.1.

Nonetheless, the district court ultimately reached the correct conclusion that Johnson was ineligible for a sentencing reduction. This is so because, although Amendment 706 would reduce Johnson's total offense level from 40 to 38, the

5

amendment would not affect Johnson's criminal history category of VI. And an offense level of 38, coupled with a criminal history category of VI, would give Johnson an amended guideline range of 360 months to life imprisonment, the same applicable guideline range upon which his original sentence was based. See U.S.S.G. Ch. 5, pt. A. Thus, Amendment 706 would not have the effect of lowering Johnson's applicable guideline range.

Johnson seeks to avoid this result by challenging his career-offender status and his attendant criminal history category of VI. However, he may not do so in a § 3582(c)(2) motion because § 1B1.10 provides that "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). We have confirmed this directive. See United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) ("Indeed, we have held that all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing."); United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998) ("[O]nly the amended guideline range is changed. All other guideline application decisions made during the original sentencing remain intact.").

In sum, Johnson was not eligible for a sentencing reduction under

§ 3582(c)(2) because Amendment 706 would not have the effect of lowering his sentencing range. Accordingly, we affirm.

**AFFIRMED.**